LEONARD W. GUZELL, Indiv. and d/b/a L. V. Travel Service *et al.*, Plaintiff-Appellant, *v.* EDMUND OKONEK *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-2527

Opinion filed December 17, 1981.—Modified on denial of rehearing February 11, 1982.

Leonard W. Guzell, of Chicago, for appellant, *pro se*.

Paul H. Strecker, of Hanson & Shire, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Leonard Guzell, appeals the dismissal of his amended complaint against defendants, Edmund and Jeanine Okonek. The sole issue presented for review is whether the trial court erred when it granted defendants' motion to dismiss plaintiff's complaint for specific performance and refused to allow plaintiff to proceed on alternative counts seeking damages.

We reverse.

On November 1, 1979, Leonard Guzell and Edmund Okonek signed a real estate sales contract in which Guzell agreed to purchase and Okonek agreed to sell property located at 3063-69 North Milwaukee Avenue in Chicago. The property was held as a land trust by Beverly Bank. Guzell paid $5000 as earnest money. On November 9, 1979, Okonek refused to perform the agreement. Guzell filed a complaint alleging breach of contract and praying for specific performance and damages. Okonek responded with a motion to dismiss, stating that the power to direct the trustee to convey title was vested in Edmund and Jeanine Okonek jointly, and that neither the trustee nor Jeanine had accepted plaintiff's offer to purchase and neither had signed the sales contract. Guzell amended the complaint to include Jeanine as a defendant. In counts I and II, Guzell prayed for specific performance of the contract, and in count III plaintiff asked for damages. Defendants moved to dismiss the amended complaint because Jeanine Okonek had not signed the contract. According to defendants, the Statute of Frauds precluded not only specific performance but damages as well. The trial court granted the motion to dismiss with prejudice, and plaintiff appealed.

Plaintiff's only contention is that while the trial court properly dismissed his complaint for specific performance, it erred in not allowing him to proceed on the alternative count seeking damages.

Plaintiff's contention is correct. This is not a Statute of Frauds case as defendants allege. That act requires that a contract for the sale of real estate be in writing and signed by the party to be charged (Ill. Rev. Stat. 1979, ch. 59, par. 2). The writing must contain on its face or by reference to other writings the names of the buyer and seller, a description of the land, the price, terms and conditions of sale, and the signature of the party against whom the contract is to be enforced. (*Crum v. Krol* (1981), 99 Ill. App. 3d 651, 654, 425 N.E.2d 1081, 1084.) We hold that in the present case a valid contract existed which satisfied all these requirements as evidenced

by the real estate sales contract. Okonek, the party to be charged, signed that contract. Therefore, the Statute of Frauds cannot be a defense. The only issue remaining is the amount of plaintiff's damages.

A case in point is *Crum*. In *Crum*, defendant seller argued that the contract for the sale of realty was unenforceable under the Statute of Frauds because it was not signed by his brothers, co-owners of the property. This court found that since the defendant was the party to be charged "he cannot use his brothers' failure to approve and sign the documents as the basis for his Statute of Frauds defense." (99 Ill. App. 3d 651, 655.) This court noted that defendant could have made approval and signature of other title holders an express condition of the contract. It refused to read in an implied condition of the contract. (99 Ill. App. 3d 651, 656.) The real issue in *Crum* was whether the parties intended to create a binding contract. The court held that there was a binding contract and plaintiff was entitled to damages for defendant's breach. 99 Ill. App. 3d 651, 656.

For the foregoing reasons, we reverse the decision of the circuit court of Cook County and remand the case to the trial court for further proceedings not inconsistent with the modified opinion.

Reversed and remanded.

ROMITI, and JIGANTI, JJ., concur.